IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEX CHRISTOPHER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-3943 |
| | § | |
| RHEA LAWSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION TO RECUSE**

On October 26, 2018, Mark Christopher Sevier moved for this judge to recuse herself from this case and filed an affidavit in support of the motion. (Docket Entry Nos. 38, 40). He argues that recusal is warranted under 28 U.S.C. §§ 144 and 455 because: (1) the court denied his application for injunctive relief, (Docket Entry Nos. 3, 24); (2) a relative of the judge was a librarian; and (3) a local library displays a plaque on which the judge's family name is engraved. (Docket Entry No. 38 at 1–3; Docket Entry No. 40 at 1–2).

A party may move for the recusal of the presiding judge who "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) (quoting 28 U.S.C. § 455(b)(1)). Recusal is proper when the judge's "impartiality might be reasonably questioned." *Id.* (quoting 28 U.S.C. § 455(a)); *see also* 28 U.S.C. § 144. The Fifth Circuit has explained "that the standard for bias is not 'subjective,' as it once was, but, rather, 'objective.'" *Id.* Under the "extrajudicial source rule," "events occurring or opinions expressed in the course of judicial proceedings" generally "do not support a bias or partiality challenge." *Id.* at 455 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see United States v. Morrison*, 833 F.3d 491, 507 (5th Cir. 2016). The denial of a motion to recuse is reviewed for an abuse of discretion. *Brown v. Oil States*

*Skagit Smatco*, 664 F.3d 71, 80 (5th Cir. 2011).

A review of Sevier's motion shows that he seeks recusal because the court denied his applications for relief.[1] (Docket Entry No. 38 at 1–2). According to Sevier, the applications were "watertight" and supported by "overwhelming evidence." (*Id.* at 1).[2] The court disagreed, and denied his applications on the record provided. The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *see Morrison*, 833 F.3d at 507. "[T]hey are proper grounds for appeal, not recusal." *Id.* Sevier's motion falls squarely within this general rule announced by *Liteky*. His recourse is in an appeal at the proper time, not a motion to recuse.

Sevier also alleges that the court has family ties that merit recusal. (Docket Entry No. 38 at 2–3; Docket Entry No. 40 at 1). In support, Sevier refers to the fact that the judge's mother, now deceased, worked as a librarian, and that an engraved plaque at a local library has the name of the family. To him, those connections have biased the court, prejudicing the plaintiffs. The Fifth Circuit reviews recusal motions by "ask[ing] how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995). The attenuated ties Sevier describes do not demonstrate partiality under that standard. *See United States v. O'Brien*, No. 12-40026-FDS, 2014 WL 535663, at *4 (D. Mass. Feb. 6, 2014) ("The recusal standard does not require some kind of idealized state

---

[1] Sevier filed a similar motion to recuse in *Sevier v. Hickenlooper*, No. 17-CV-1750-WJM-NYW, 2018 WL 447356 (D. Colo. Jan. 16, 2018). The motion was denied because "Sevier's overarching argument attack[ed] actions taken by the Court with which he disagrees, claiming they reflect bias or misconduct." *Sevier*, 2018 WL 447356, at *2.

[2] Sevier contends that the Western District of Louisiana granted an application for identical relief in *Guidry, et al. v. Elberson, et al.*, No. 6:18-CV-1232-RRS-PJH (W.D. La. Oct. 16, 2018). Sevier is mistaken. The court did not issue a preliminary injunction. Instead, "the library voluntarily agreed to stand down on planning a Drag Queen Story Hour for the duration of th[e] lawsuit." (Docket Entry No. 28 at 77).

2

of perfection, in which judges are entirely isolated, without connections past or present to the communities in which they have resided."); *Farkas v. Rich Coast Corp.*, No. 1:14-CV-272, 2017 WL 6619131, at *5 (M.D. Pa. Dec. 28, 2017) (settled case law rejects recusal based on "past, tangential historical connections").

Sevier fails to show that recusal is warranted. His motion is denied. (Docket Entry No. 38).

SIGNED on November 6, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge